# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF OKLAHOMA

**FILED**

MAR 4 2026

BONNIE MACKLER
Clerk, U.S. District Court
By_____
Deputy Clerk

|  |  |  |
|---|---|---|
| (1) WESTLEY BAUGH,<br>(2) CINDY BAUGH, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| (1) STATE FARM FIRE AND CASUALTY<br>COMPANY;<br>(2) ROSS EATON INSURANCE AGENCY<br>INC.; and<br>(3) ROSS EATON, | ) | Case No. 25-cv-417-RAW-JAR |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

This matter comes before the Court on Plaintiffs' Motion to Remand. (Docket No. 16). Defendant State Farm Fire and Casualty Company ("State Farm") filed a response in opposition. (Docket No. 26). The matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1). (Docket No. 30). For the reasons set forth below, the undersigned **RECOMMENDS that Plaintiffs' Motion to Remand be GRANTED**.

### I.    PROCEDURAL AND FACTUAL BACKGROUND

Plaintiffs commenced this action in the District Court of Pittsburg County, Oklahoma, asserting claims arising from alleged wind and hail damage to their residence occurring on or about September 23, 2023. Plaintiffs named as defendants State Farm, Ross Eaton Insurance Agency, Inc., and Ross Eaton.

1

Plaintiffs allege that Eaton and his Oklahoma-based agency procured and renewed a State Farm homeowners' policy that was represented as providing full replacement cost coverage. According to Plaintiffs, Defendants made material representations concerning the nature, scope, and reliability of that coverage at the time of procurement and renewal. Plaintiffs further allege that following the loss, State Farm denied or underpaid the claim for an extended period, and that Eaton's representations and omissions regarding coverage were integral to the damages Plaintiffs allegedly sustained.

On November 14, 2025, State Farm removed the action to this Court under 28 U.S.C. § 1332, asserting that the non-diverse insurance agent defendants were fraudulently joined and that their citizenship should therefore be disregarded for purposes of determining diversity. Plaintiffs timely moved to remand, disputing State Farm's fraudulent-joinder theory and contending that their claims against the agent defendants are viable under Oklahoma law.

After removal, Plaintiffs sought and obtained leave to amend. Plaintiffs thereafter filed a Second Amended Complaint, which now constitutes the operative pleading for purposes of jurisdictional analysis. See *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 35 (2025).

## II.    GOVERNING LEGAL STANDARD

Federal courts are courts of limited jurisdiction. The party invoking federal jurisdiction bears the burden of establishing that such jurisdiction exists. *Becker v. Ute Indian Tribe of the Uintah & Ouray Reservation*, 770 F.3d 944, 946–47 (10th Cir.

2

2014). Federal courts may not expand their jurisdiction through merits determinations that precede a proper finding of subject-matter jurisdiction. See *Hain Celestial Group, Inc. v. Palmquist*, 607 U.S. ___, ___ (2026).

A defendant may remove a civil action only if the federal court would have had original jurisdiction. 28 U.S.C. § 1441(a). Diversity jurisdiction exists only where no plaintiff and no defendant are citizens of the same state, and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a); *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014).

Where a defendant asserts fraudulent joinder to defeat the presence of a non-diverse party, the removing party bears a heavy burden. *Montano v. Allstate Indem.*, 211 F.3d 1278 (10th Cir. 2000) (unpublished table decision). That burden is more exacting than Rule 12(b)(6) and does not permit the Court to resolve merits questions that belong to the state court. *Id.*

Under *Dutcher v. Matheson*, fraudulent joinder may be shown only by demonstrating either:

(1) actual fraud in the pleading of jurisdictional facts; or

(2) the plaintiff's inability to establish a cause of action against the non-diverse defendant in state court.

733 F.3d 980, 988 (10th Cir. 2013). Critically, all factual and legal issues must be resolved in favor of the plaintiff, and if there is a reasonable basis to believe the plaintiff *might* succeed on at least one claim against the non-diverse defendant,

3

remand is required. *Nerad v. AstraZeneca Pharms., Inc.*, 203 F. App'x 911, 913 (10th Cir. 2006).

## III.    ANALYSIS

### A.    Actual Fraud in the Pleading of Jurisdictional Facts (*Dutcher* Prong One)

State Farm does not allege that Plaintiffs misstated their citizenship or otherwise falsified jurisdictional facts. Instead, State Farm argues that Plaintiffs' allegations against the agent defendants are implausible, repetitive, or unsupported, and therefore amount to "actual fraud" for purposes of the fraudulent-joinder analysis.

That argument stretches the doctrine beyond its narrow bounds.

The "actual fraud" prong requires a showing that the plaintiff lied about jurisdictional facts or pleaded facts so knowingly false as to be tantamount to fraud. *Dutcher*, 733 F.3d at 988. It is not satisfied by allegations that claims are weak, formulaic, or even unlikely to succeed. Nor does the doctrine convert alleged inconsistencies in a complaint, such as disputes concerning whether a claim was underpaid, delayed, or ultimately paid in full, into fraud in the pleading of jurisdictional facts. Such arguments concern the plausibility of Plaintiffs' claims, not the truth of the jurisdictional facts.

Here, there is no dispute as to the jurisdictional facts themselves. Plaintiffs' citizenship and the citizenship of the agent defendants are accurately pleaded. State Farm's argument instead asks the Court to treat disputed factual allegations as

4

jurisdictional fraud. That approach conflates the two *Dutcher* prongs and improperly transforms a jurisdictional inquiry into a merits determination.

At the removal stage, the Court does not determine whether allegations are true, persuasive, or likely to survive summary judgment. It asks only whether they are possible under state law. *Smoot v. Chi., Rock Island & Pac. R.R. Co.*, 378 F.2d 879, 882 (10th Cir. 1967). That Plaintiffs' allegations resemble those asserted in other cases does not establish actual fraud. Similar pleadings may reflect similar alleged conduct.

Accordingly, the first prong of *Dutcher* is not satisfied.

### B. Inability to Establish a Cause of Action Against the Non-Diverse Defendants (*Dutcher* Prong Two)

The Court therefore turns to the second prong: whether State Farm has shown that there is no reasonable basis to believe Plaintiffs could establish a claim against the non-diverse insurance agent defendants under Oklahoma law.

This inquiry does not ask whether Plaintiffs will prevail. It asks only whether Oklahoma law forecloses liability as a matter of law. *Smoot*, 378 F.2d at 882.

#### 1. Payment of Policy Limits Does Not Foreclose Agent Liability

State Farm argues that Plaintiffs cannot establish a viable claim against the agent defendants because State Farm ultimately paid dwelling and loss-of-use policy limits.

The payment of policy limits does not, as a matter of law, foreclose claims for negligent procurement, misrepresentation, or nondisclosure under Oklahoma law.

Plaintiffs allege that they were induced to purchase and renew coverage based on representations concerning the scope and reliability of the policy, and that those representations affected both their expectations and their post-loss experience.

Whether Plaintiffs can ultimately prove damages arising from delay, reliance, or loss of bargained-for coverage is a merits question. At the fraudulent-joinder stage, the Court does not decide whether damages are recoverable or sufficient. It asks only whether Oklahoma law forecloses liability entirely. It does not. See *Dutcher*, 733 F.3d 980 (10th Cir. 2013).

### 2.    Rule 9(b) and Pleading Sufficiency

State Farm next contends that Plaintiffs' fraud-based claims fail to satisfy Rule 9(b) and therefore cannot support joinder of the non-diverse defendants.

Rule 9(b) is a federal procedural rule governing pleadings in federal court. It does not determine whether a plaintiff has a reasonable possibility of recovery under state law for purposes of fraudulent-joinder analysis. *Dutcher*, 733 F.3d at 988. Moreover, pleading deficiencies, if any, do not equate to fraudulent joinder. A claim that could be cured by amendment is not the same as a claim that is legally impossible. *Montano*, 211 F.3d 1278.

Rule 9(b) therefore provides no basis for disregarding the citizenship of the agent defendants.

### 3.    Fraudulent Concealment and Statute-of-Limitations Arguments

State Farm further argues that Plaintiffs' allegations concerning "fraudulent concealment" cannot support joinder because fraudulent concealment is not an

independent cause of action, but rather a tolling doctrine, and because Plaintiffs allegedly fail to plead the affirmative acts required to toll any statute of limitations.

That argument misunderstands the scope of the Court's inquiry. At the fraudulent-joinder stage, the Court does not adjudicate affirmative defenses, resolve statute-of-limitations questions, or determine whether tolling ultimately applies. Those are merits determinations reserved for the state court. The question here is not whether Plaintiffs will ultimately prevail on a tolling theory, but whether Oklahoma law forecloses, as a matter of law, any possibility of liability against the non-diverse defendants. It does not. Disputes concerning limitations and concealment do not supply a basis for disregarding properly joined defendants for jurisdictional purposes.

Oklahoma law recognizes that an insurance agent may be liable in contract or negligence for failing to procure requested insurance coverage. *Swickey v. Silvey Cos.*, 979 P.2d 266, 268–69 (Okla. Civ. App. 1999). State Farm correctly observes that a negligent procurement claim, like any tort, requires a causal connection between the defendant's conduct and the plaintiff's injury. *Steed v. Bain-Holloway*, 356 P.3d 62, 68 (Okla. Civ. App. 2015). But the fraudulent-joinder inquiry does not ask whether Plaintiffs have proven causation. It asks whether there is any reasonable basis to predict that Oklahoma law might impose liability. Plaintiffs allege that the agent defendants made specific representations concerning the scope and reliability of coverage at procurement and renewal, and that those representations induced reliance and affected their damages. Whether those allegations ultimately satisfy

7

Oklahoma's causation requirement presents a merits question. At this stage, the Court may not resolve disputed factual questions bearing on that element. *Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013).

State Farm's contention that the agent defendants' alleged conduct occurred only after procurement, and therefore cannot give rise to liability, rests almost entirely on the declarations submitted with its response. Plaintiffs' operative complaint alleges representations and omissions tied to policy procurement and renewal. Whether the conduct at issue occurred before or after procurement, whether it related to renewal, and whether it bore on the scope of coverage are disputed factual questions. At the fraudulent-joinder stage, the Court may not credit a defendant's version of events supplied by declaration to resolve such disputes. See *Smoot v. Chi., Rock Island & Pac. R.R. Co.*, 378 F.2d 879, 882 (10th Cir. 1967); *Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013).

### 4.    Agent Declarations and "Piercing the Pleadings"

State Farm urges the Court to credit declarations submitted by the agent defendants and to pierce the pleadings to reject Plaintiffs' allegations.

The Court declines that invitation. While courts may look beyond the pleadings in limited circumstances, the fraudulent-joinder inquiry does not permit the Court to resolve disputed facts or assess witness credibility. *Smoot v. Chi., Rock Island & Pac. R.R. Co.*, 378 F.2d 879, 882 (10th Cir. 1967). Where Plaintiffs' allegations conflict with a defendant's declaration, those conflicts must be resolved in Plaintiffs' favor for jurisdictional purposes. *Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013).

State Farm's reliance on the declaration of Ross Eaton, submitted as Exhibit 6 to State Farm's Response Brief, further illustrates the factual disputes that prevent this Court from disregarding the agent defendants for jurisdictional purposes. The declaration does not eliminate Plaintiffs' claims as a matter of law; it presents a competing factual narrative. Whether Mr. Eaton made the representations alleged, what he knew or should have known, and whether his conduct gave rise to duties under Oklahoma law are disputed factual questions. At the fraudulent-joinder stage the existence of such disputes does not favor federal jurisdiction; it defeats it. Where a defendant's evidence highlights contested facts bearing on potential liability, those questions must be resolved by the state court on a full record, not by a federal court assessing jurisdiction. *Smoot*, 378 F.2d at 882.

In short, State Farm's reliance on agent declarations asks this Court to decide who is telling the truth. That determination belongs to the state trial court, not a federal court conducting a threshold jurisdictional inquiry.

### 5.   Constructive Fraud and Disclosure Duties

State Farm argues that Oklahoma law imposes no duty on insurance agents to advise insureds regarding coverage and therefore forecloses Plaintiffs' constructive fraud and nondisclosure claims.

Oklahoma law recognizes constructive fraud and nondisclosure where a duty to speak arises. *Rotan v. Farmers Ins. Grp. of Cos.*, 83 P.3d 894 (Okla. Civ. App. 2003); *Citation Co. Realtors, Inc. v. Lyon*, 610 P.2d 788 (Okla. 1980). Whether such a duty

exists depends on the relationship between the parties and the representations made; fact-intensive inquiries not appropriate for resolution at the fraudulent-joinder stage.

The Court does not decide whether such a duty ultimately exists. It asks only whether Oklahoma law categorically forecloses the possibility of such a duty. It does not.

### 6.    Alleged Claims-Handling Practices

State Farm challenges Plaintiffs' allegations concerning broader claims-handling practices, arguing that they are irrelevant or inapplicable to this loss. That argument goes to relevance and proof, not jurisdiction. At the remand stage, the Court does not assess the evidentiary value or admissibility of allegations. *Smoot*, 378 F.2d at 882.

### C.    Prior District Authority

In *Lawson v. State Farm Fire & Casualty Co.*, No. CIV-25-168-RAW-JAR, this Court addressed materially identical fraudulent-joinder arguments advanced by the same insurer and counsel, including challenges based on alleged pleading deficiencies, the timing of policy procurement, and the asserted absence of agent duties under Oklahoma law. The undersigned recommended remand under the controlling Tenth Circuit framework, and the District Judge adopted that recommendation in full following de novo review. See Docket No. 35 - Order, *Lawson*, entered Dec. 5, 2025 (E.D. Okla.).

The Court does not rely on the facts of *Lawson*. It relies on the legal conclusions adopted there, namely, that such arguments do not satisfy the demanding fraudulent-joinder standard articulated in *Dutcher* and *Nerad*. Those conclusions apply with equal force here.

Taken together, State Farm's arguments ask the Court to do what the fraudulent-joinder doctrine forbids: resolve disputed facts, assess credibility, and decide the merits under the guise of jurisdiction.

Because Oklahoma law does not foreclose the possibility of liability against the non-diverse defendants, State Farm has not carried its heavy burden under *Dutcher*. Complete diversity is therefore lacking, and this Court lacks subject-matter jurisdiction.

## IV.    OBSERVATION REGARDING RECURRENT REMOVAL PRACTICE

The Court notes, without relying on this observation as a basis for decision, that the same insurance company, represented by the same law firm, and the same attorney continues to advance substantially identical removal arguments in this District, notwithstanding prior rulings addressing and rejecting those arguments under controlling law.

Removal is not improper merely because it is unsuccessful. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). However, jurisdictional doctrine is not an invitation to perpetual relitigation. Repetition of an argument does not convert it into jurisdictional truth, and repetition of allegations does not, by itself, establish fraud.

11

Continued reliance on arguments previously rejected under controlling law may, in an appropriate case, bear on the objective reasonableness inquiry under § 1447(c).

## V.    JURISDICTIONAL DISCOVERY AND ATTORNEY'S FEES

### A.    Jurisdictional Discovery

State Farm alternatively requests limited jurisdictional discovery. That request is denied.

Jurisdictional discovery is not warranted where, as here, the jurisdictional inquiry turns on legal standards rather than missing facts. State Farm does not identify information uniquely within Plaintiffs' possession that would alter the fraudulent-joinder analysis. Instead, it seeks discovery to test the merits of Plaintiffs' claims; an inquiry reserved for the state court. See *Smoot*, 378 F.2d at 882.

The Court declines to authorize jurisdictional discovery as a vehicle to relitigate the merits under the guise of jurisdiction.

### B.    Attorney's Fees

Plaintiffs seek attorney's fees under 28 U.S.C. § 1447(c). Although remand is recommended, fees are not automatic. The inquiry is whether the removing party lacked an objectively reasonable basis for removal. *Martin*, 546 U.S. at 141.

Here, notwithstanding the outcome, State Farm relied on authority that has, in other cases, with an entirely different record in front of it, resulted in denials of

remand. That reliance provides an objectively reasonable basis for removal at this time. An award of fees is therefore not warranted.

## VI.    CONCLUSION AND RECOMMENDATION

Fraudulent joinder is an extraordinary doctrine. It permits a federal court to disregard a non-diverse defendant only where state law offers no reasonable possibility of liability. That demanding standard has not been met.

Accordingly, complete diversity is lacking, and this Court lacks subject-matter jurisdiction.

**IT IS THEREFORE THE RECOMMENDATION** of this Court that the Motion to Remand (Docket No. 16) should be GRANTED.

**IT IS FURTHER RECOMMENDED** this action be REMANDED to the District Court of Pittsburg County, Oklahoma.

**IT IS FURTHER RECOMMENDED** Plaintiff's request for attorney's fees under 28 U.S.C. § 1447(c) should be DENIED, as State Farm's reliance on contrary authority provided an objectively reasonable basis for removal.

Defendant is given fourteen (14) days from the date of the service of this Report and Recommendation to file any objections with a supporting brief under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of the order of the District Court based on such findings. See *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). Defendant's objection, if filed, shall be limited to ten (10) or fewer pages.

13

IT IS SO RECOMMENDED this ____ day of March, 2026.

_____
United State Magistrate Judge

14